UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIELD PACKAGING CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> STAR INSURANCE COMPANY, AIG CLAIMS and AIG SPECIALTY INSURANCE CO., <br><br> Defendants. | CIVIL ACTION NO.   1:19-cv-10451 |

**ANSWER TO THE COMPLAINT BY
AIG CLAIMS, INC., MISNAMED "AIG CLAIMS"**

AIG Claims Inc., misnamed "AIG Claims" ("AIGC") responds to the allegations set forth in Plaintiff's Complaint and asserts affirmative defenses. AIGC reserves all rights to seek additional relief or rely upon additional defenses to the Complaint by appropriate motion. All allegations not specifically admitted are denied.

**INTRODUCTORY PARAGRAPH**

The introductory paragraph of the Complaint describes the nature of the action, and, therefore, no response is required. To the extent a response is required, AIGC denies the allegations contained therein and calls upon Plaintiff to prove its description of the Action.

**PARTIES**

1.     AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint and calls upon Plaintiff to prove the same.

2.      AIGC admits that it was the authorized claims administrator for ASIC, admits that it is incorporated under the laws of the state of Delaware, denies that its name is "AIG Claims" and denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Admitted.

4.      AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint and calls upon Plaintiff to prove the same.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, AIGC admits that this Court has jurisdiction with respect to this action.

6.      Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, AIGC calls upon Plaintiff to prove the same.

7.      Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, AIGC admits that venue properly lies within this Court with respect to this action.

## FACTS

### Underlying Action

8.      Admitted, upon information and belief, that the lawsuit referenced in Paragraph 8 of the Complaint was filed. A further response is unnecessary as the referenced lawsuit speaks for itself. To the extent a further response is required, AIGC denies the remaining allegations and calls upon Plaintiff to prove the same.

2

9.      Admitted, upon information and belief, that Gomez was engaged and compensated by Southern Mass Staffing, Inc. Further answering, AIGC denies the remaining allegations and calls upon Plaintiff to prove the same.

10.     A response to the allegations in Paragraph 10 of the Complaint is unnecessary as the referenced Summary of Hours Worked by Southern Mass Staffing Workers, 2016-2017 speaks for itself. To the extent a response is required, AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 and calls upon Plaintiff to prove the same.

11.     AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint and calls upon Plaintiff to prove the same.

12.     AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint and calls upon Plaintiff to prove the same.

13.     AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint and calls upon Plaintiff to prove the same.

## General Liability Insurance Contract with AIG

14.     A response to the allegations in Paragraph 14 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

15.     AIGC avers that it is the authorized claims administrator for ASIC and denies insofar as the Plaintiff has misnamed the Defendant "AIG Claims".

16.     A response to the allegations in Paragraph 16 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

17.     A response to the allegations in Paragraph 17 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

18.     A response to the allegations in Paragraph 18 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

19.     A response to the allegations in Paragraph 19 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

20.     A response to the allegations in Paragraph 20 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

21.     A response to the allegations in Paragraph 21 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

### Worker's Compensation Insurance Contract with Star

22.     The allegations of this paragraph are directed at another defendant. To the extent an response is required, AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint and calls upon Plaintiff to prove the same.

23.     The allegations of this paragraph are directed at another defendant. To the extent a response is required, AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint and calls upon Plaintiff to prove the same.

24.     The allegations of this paragraph are directed at another defendant. To the extent an response is required, AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint and calls upon Plaintiff to prove the same.

### Demands for Coverage

25.     A response to the allegations in Paragraph 25 of the Complaint is unnecessary as the referenced Notice of Occurrence Claim, dated October 6, 2017 speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

26.     A response to the allegations in Paragraph 26 of the Complaint is unnecessary as the referenced December 28, 2017 (mistakenly referred to by the Plaintiff as "December 29, 2017") letter speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

27.     A response to the allegations in Paragraph 27 of the Complaint is unnecessary as the referenced May 9, 2018 letter speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

28.     A response to the allegations in Paragraph 28 of the Complaint is unnecessary as the referenced May 9, 2018 letter speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

29.     A response to the allegations in Paragraph 29 of the Complaint is unnecessary as the referenced ASIC Policy speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

30.     The allegations of this paragraph are directed at another defendant. To the extent a response is required, AIGC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint and calls upon Plaintiff to prove the same.

5

31.     The allegations of this paragraph are directed at another defendant. Further answering, a response to the allegations in Paragraph 31 of the Complaint is unnecessary as the referenced August 20, 2018 letter speaks for itself.

32.     A response to the allegations in Paragraph 32 of the Complaint is unnecessary as the referenced October 2, 2018 letter speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

33.     A response to the allegations in Paragraph 33 of the Complaint is unnecessary as the referenced October 25, 2018 letter speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

34.     A response to the allegations in Paragraph 34 of the Complaint is unnecessary as the referenced December 28, 2018 and January 3, 2019 letters and payroll information speak for themselves. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

35.     A response to the allegations in Paragraph 35 of the Complaint is unnecessary as the referenced January 22, 2019 letter speaks for itself. To the extent a response is required, AIGC calls upon Plaintiff to prove the same.

36.     Denied.

### Count I – Declaratory Judgment (Duty to Defend)

37.     AIGC restates and incorporates Paragraphs 1 – 36 as if fully stated herein.

38.     Paragraph 38 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, AIGC calls upon Plaintiff to prove the same.

39.     Paragraph 39 of the Complaint purports to describe the relief sought by Plaintiff and, therefore, no response is required. To the extent a response is required, AIGC denies the allegations and calls upon Plaintiff to prove the same.

### Count II – Declaratory Judgment (Duty to Indemnify)

40.     AIGC restates and incorporates Paragraphs 1 – 39 as if fully stated herein.

41.     Paragraph 41 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, AIGC calls upon Plaintiff to prove the same.

42.     Paragraph 42 of the Complaint purports to describe the relief sought by Plaintiff and, therefore, no response is required. To the extent a response is required, AIGC denies the allegations and calls upon Plaintiff to prove the same.

### Count III – Breach of Contract

43.     AIGC restates and incorporates Paragraphs 1 – 42 as if fully stated herein.

44.     Admitted.

45.     Denied.

46.     Denied.

47.     Denied.

### Count IV – Violation of M.G.L. c. 93A and 176D

48.     AIGC restates and incorporates Paragraphs 1 – 47 as if fully stated herein.

49.     Denied.

50.     Denied.

51.     Denied.

### Count V – Declaratory Judgment (Duty to Defend)

52.     AIGC restates and incorporates Paragraphs 1 – 51 as if fully stated herein.

53.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 53 of the Complaint.

7

54.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 54 of the Complaint.

### Count VI – Declaratory Judgment (Duty to Defend)

55.     AIGC restates and incorporates Paragraphs 1 – 54 as if fully stated herein.

56.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 56 of the Complaint.

57.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 57 of the Complaint.

### Count VII – Breach of Contract

58.     AIGC restates and incorporates Paragraphs 1 – 57 as if fully stated herein.

59.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 59 of the Complaint.

60.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 60 of the Complaint.

61.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 61 of the Complaint.

62.     The allegations of this paragraph are directed at another defendant. To the extent an answer is required, AIGC denies the allegations contained within Paragraph 62 of the Complaint.

WHEREFORE, AIGC requests that the Court dismiss Plaintiff's claims, deny Plaintiff's request for declaratory judgment, and that it award AIGC reasonable costs and attorney's fees incurred in the defense of this action and such other further relief as the Court deems just and proper.

8

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against Lexington upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint should be dismissed for misnomer pursuant to Fed. R. Civ. P. 12(b)(8).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because AIGC correctly and legally disclaimed coverage.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the AIG Specialty Insurance Co. Policy does not afford coverage for this matter based upon AIGC's reasonable investigation.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that AIGC had any obligation to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

9

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Exclusion e. of the ASIC Policy entitled "Employer's Liability".

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the terms, exclusions, conditions and limitations of the Policies, all of which are reserved and none of which are waived.

## TWELFTH AFFIRMATIVE DEFENSE

AIGC states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. AIGC reserves all rights to file an Amended Answer asserting additional defenses in the event that developments and/or discovery in this litigation so warrant.

The Defendant,
AIG CLAIMS
By its attorneys,


*/s/ Lincoln A. Rose*
Tamara Smith Holtslag, BBO#634027
Lincoln A. Rose, BBO#691797
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2011
tsmith@peabodyarnold.com
lrose@peabodyarnold.com


Dated: March 18, 2019

10

<u>**CERTIFICATE OF SERVICE**</u>

I, Lincoln A. Rose, hereby certify that I have, on March 18, 2019, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).  Participants in this case not registered on the ECF system, if any, will receive service through regular first class mail.

<u>*/s/ Lincoln A. Rose*</u>
Lincoln A. Rose

1556287_9
15951-204317

11